JAMES C. ALVORD, Esq.
405 South Main Street
Suite B
Fallbrook, CA 92028

(760) 728-1960
Attorney State Bar No. 147148

Attorney for Material Witness: JOSE JESUS LARA-RENTERIA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ENRIQUE GARZA,<br><br>Defendant. | Criminal Case No.07cr3351-IEG<br><br>**DECLARATION OF ATTORNEY JAMES C. ALVORD IN SUPPORT OF MOTION FOR THE TAKING OF VIDEO DEPOSITION OF MATERIAL WITNESS JOSE JESUS LARA-RENTERIA**<br><br>**DATE: January 22, 2008**<br>**TIME: 2:30 pm**<br>**COURT: Hon. Jan M. Adler**<br>**San Diego, California** |

**I, JAMES C. ALVORD,** attorney for material witness, JOSE JESUS LARA-RENTERIA, declare that I am an attorney duly licensed to practice law in the State of California and in the United States District Court for the Southern District of California.

I further declare that on or about November 30, 2007, I was appointed by United States Magistrate Judge Peter C. Lewis to represent three material witnesses in the above-referenced alien smuggling case including JOSE JESUS LARA-RENTERIA. I was able to

secure a release on bond for two of the witnesses, but Mr. Lara-Renteria remains in custody.

This detained witness has informed me that he has no one, not a relative, friend or acquaintance, who would be willing and qualified to serve as a personal surety. Efforts of this office to locate a proper individual to act as personal surety for the witness have been unsuccessful as well. Therefore, the witness has remained in custody since his arrest by United States Border Patrol nearly two months ago.

This is a particularly cruel time in the life of Mr. Luis-Garcia to remain in jail as he has a wife and four children, including a one-year-old daughter in the United States who depend upon him for their support. In addition, my client also contributes to the support of his mother in Mexico who recently sustained a stroke and requires considerable and costly medical attention.

In addition, while relatively young, Mr. Luis-Garcia appears to be a law-abiding and naive individual, ill-equipped to withstand the fears and burdens associated with confinement.

The family of Mr. Lara-Renteria has to date been unable to help and I see little hope of him being released on bond through normal procedures in the foreseeable future.

This witness is suffering a great deal because of his continued confinement. The fact that he is enduring considerable hardship cannot be refuted.

In view of these facts, I solicited and received my client’s permission to seek an Order of this Court for taking of his video-taped deposition in order that he might soon be able to

return home to his family in Mexico.

I fully explained the procedures involved in the requested deposition and received the promise of my client of his complete cooperation in the video deposition process.

I am unaware of any reason why the witness should not be released after the video deposition pursuant to Rule 15 (a) of the Federal Rules of Criminal Procedure.

I believe it would be in the interests of justice to allow the testimony of the material witness in question to be secured by video deposition and to thereafter release the witness back to his family in Mexico in order to prevent further suffering from incarceration and its attendant hardships.

It is clear that continued incarceration of this witness will unnecessarily prolong his hardship.

I declare under penalty of perjury that the foregoing is true and correct.

**DATED: January 14, 2008**

**S/ James C. Alvord**
**JAMES C. ALVORD**
**ATTORNEY FOR**
**THE MATERIAL WITNESS**