**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No.07cr3351-IEG |
| Plaintiff, | **DEPOSITION ORDER FOR MATERIAL WITNESS:** |
| v. | **JOSE JESUS LARA-RENTERIA** |
| LUIS ENRIQUE GARZA, | **DATE:** **January 22, 2008**<br>**TIME:** **2:30pm**<br>**COURT:** **Hon. Jan M. Adler**<br>**San Diego, California** |
| Defendant. | |

**ORDER**

Upon the request of the material witness, **JOSE JESUS LARA-RENTERIA**, hereinafter known as the material witness, and his counsel, Attorney James C. Alvord, and good cause appearing:

1. The material witness being held in custody in case number 07cr3351-IEG shall be deposed on ___________, at _______, in the United States Attorney's office, located at 880 Front Street, Fifth Floor, in San Diego, California.

2. All parties, meaning the United States and the defendant, shall attend the material witness's deposition. The arresting agency shall bring the material witness to the deposition. If, in custody, the defendant shall be brought separately to the deposition and a marshal shall remain present during the proceedings.

3. The United States Attorney's Office shall provide a videotape operator, and, if necessary, arrange for a court-certified interpreter to be present for the material witness. The cost of the interpreter for the material witness will be borne by the United States Attorney's Office.

4. If the defendant needs an interpreter other than the material witness interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by the Court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness or any party may elect to have the witness review the videotape record of the deposition so as to check the recording for errors or omissions and to note any changes. Any errors or changes, and

the reasons for making them, shall be stated in writing, signed by the witness delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness's testimony and the statements of counsel. The witness or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8. The depositions shall be recorded in a fair, impartial, and objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may when necessary or appropriate focus upon charts, photographs, exhibits or like material being shown to the witness.

9. Before the examination of the witness, the Assistant U.S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness; the identity of the parties and names of all persons present in the deposition room. The court reporter shall then swear the witness

on the record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

10. Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that any party may request a brief recess, which request will be honored unless another party objects and specifies a good faith basis for the objection on the record. Each time the tape is stopped, or started, the operator shall announce the time on the record. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

12. The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotaped record.

14. At the conclusion of the deposition, any objection, including the basis, to release of the material witness from custody shall be stated on the record. If there is no objection, the attorney for the material witness shall immediately serve all parties with a Stipulation and Proposed Order for Release of the

Material Witness and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody, the attorney for the Government shall serve the material witness with a subpoena for the trial date and a travel fund advance letter.

15. The operator shall provide a copy of the videotaped deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the videotape operator shall deliver the original videotape to the notary along with a certificate signed by signed by the operator attesting that the videotape is an accurate and complete record of the videotaped deposition. The operator shall then deliver the video tape to the notary along with a certificate signed by the operator attesting that it is an accurate and complete recording of the deposition. The notary shall then file the original tape and certification with the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition.

16. The notary shall file with the Clerk of the Court, in a sealed envelope the original videotape, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness, and the date of the deposition. To that envelope, the notary shall attached the certificate of the operator. <u>If all counsel stipulate on the record, the Government may maintain the original videotape until production is ordered by the Court or requested by an party.</u>

17. Unless waived by the parties, the notary shall give

notice to all parties of the filing of the videotaped deposition with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

18. If any party objects on record to the release of the material witness rom custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of the Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness to remain in custody. If, after the hearing, the Court orders the release of the material witness, the material witness attorney shall immediately present the release order to the Court for signature and filing. Before the release of the material witness from custody, the Government shall serve the material witness with a subpoena for the trial date and a travel fund advance letter.

**IT IS SO ORDERED.**

**Dated:** ______________

______________________________
**UNITED STATES MAGISTRATE JUDGE**